# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CR-188-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TRISTAN DAQUANE GOODE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendant's handwritten letter to the Honorable Frank D. Whitney, which the Court will construe as a "Motion To Appoint New Counsel" (Document No. 260), filed August 15, 2012, as well as Inquiry to Counsel hearings conducted by the undersigned on April 25, 2013 and April 26, 2013. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

The Court does not believe that an extended explanation is due here, as the colloquys conducted by the undersigned on April 25-26, 2013 speak for themselves. This is an involved matter in which the discovery is voluminous and for which trial has been peremptorily set for June 17, 2013 before Judge Whitney. Mr. Eugene James Chandler II has been the Defendant's counsel throughout the case, and given the extensive discovery, it would be very difficult for a new lawyer to properly prepare for the trial on June 17, 2013. While the current relationship between Mr. Chandler and the Defendant is difficult, Mr. Chandler has stated his intention to

continue to represent the Defendant to the best of his ability – either in further plea negotiation, or a trial, or both.

It seems to the undersigned the result here is clear under the familiar standard of <u>United States v. Mullen</u>, 32 F.3d 891, 895 (4th Cir. 1994).  It is regrettable that the parties did not seek an inquiry to counsel hearing earlier.  Having said that, the Court finds due to the nature of the case that the relief now sought is untimely, and more important, the attorney / client conflict is not so great as to result in a "total lack of communication preventing an adequate defense."  <u>Id.</u>

**IT IS THEREFORE, ORDERED** that Defendant's handwritten letter, which the Court will construe as a "Motion To Appoint New Counsel" (Document No. 260) is hereby **DENIED**.  Mr. Chandler will continue as the Defendant's appointed counsel.

Signed: May 3, 2013

David C. Keesler
United States Magistrate Judge